UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 24-CR-528 (ABJ) |
| | : | |
| v. | : | |
| | : | |
| BRUCE R. HART, | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I.  Summary of the Plea Agreement

Defendant agrees to plead guilty to the following counts of the Superseding Indictment: Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), and Count Three - Endangerment with a Firearm (Public Place), in violation of 22 D.C. Code, Sections 4503.03(a)(2)(B), (c)(1).

### II.  Elements of the Offenses

Count One

The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1), each of which the government must prove beyond a reasonable doubt, are:

1. The defendant knowingly possessed a firearm and/or ammunition;

2. Before the defendant possessed the firearm and/or ammunition, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact; and

3. Before the defendant possessed the firearm and/or ammunition, the firearm and/or

ammunition had moved at some time from one state to another or from a foreign country to the United States.

Count Three

The essential elements of the offense of Count Three - Endangerment with a Firearm (Public Place), in violation of 22 D.C. Code, Section 4503.03(a)(2)(B), each of which the government must prove beyond a reasonable doubt, are:

1. The defendant discharged a projectile from a firearm outside a licensed firing range;

2. He did so voluntarily and on purpose and not by mistake or accident;

3. He was in or the discharged projectile traveled through a location that was open to the general public at the time of the offense and he did not have permission to discharge a projectile from a firearm District or federal law; and

4. The defendant's discharge of a firearm was not under circumstances constituting lawful self-defense or defense of others.

### III. Penalties for the Offenses

The penalty for Count One, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1)) is:

1. Imprisonment for not more than fifteen years;

2. A fine not to exceed $250,000;

3. A term of supervised release not more than three years;

4. A special assessment of $100.

The penalty for Count Three, Endangerment with a Firearm, in violation of 22 D.C. Code, Sections 4503.03(a)(2)(B), (c)(1) is:

1. A term of imprisonment of not more than ten years;

2. A fine not to $25,500;

2


BH
9/26/25

3. A term of supervised release of not more than three years;

4. A special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

### IV.     Brief Statement of the Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

At approximately 9:47 p.m. on October 26, 2024, the defendant discharged a firearm once into the air in an alley to the side of 1827 Wiltberger Street Northwest in Washington, D.C. That area was open to the general public at the time of the offense and the Defendant did not have permission to discharge a projectile under District of Columbia or federal law. The defendant's discharge of a firearm was not under circumstances constituting lawful self-defense or defense of others.

Law enforcement observed the defendant in the area approximately one hour later. When approached, the defendant fled on foot and was stopped after a brief foot pursuit on Bohrer Street Northwest, in Washington, D.C. Upon the defendant's apprehension, police recovered a firearm with a 28-round capacity magazine attached to the firearm. Ten rounds of ammunition were in the magazine and one additional round of ammunition was chambered in the firearm.

The defendant knowingly possessed the firearm and ammunition. The recovered firearm is a weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

On October 26, 2024, the defendant was convicted of a crime punishable by more than a year of imprisonment, namely, Robbery in Prince George's County, Maryland, under case number C-16-CR-23-002209. In that case, the defendant was sentenced on November 29, 2023, to 10 years' imprisonment, with 9 years and 6 months suspended, and a 3-year-term of supervised probation. Because he received a sentence of 10 years, he would have been aware on October 26, 2024, that he had a previous conviction for a crime punishable by a term of imprisonment exceeding one year.

All of the defendant's actions were voluntary, on purpose, and not by mistake

3



or accident. There was no legal justification for the defendant's actions.

       This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crimes. This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offenses to which he is pleading guilty.

                           Respectfully Submitted,

                           Jeanine Ferris Pirro
                           United States Attorney

By:   */s/ Jacob M. Green*
       Jacob M. Green
       Assistant United States Attorney
       MA Bar Number 706143
       United States Attorney's Office
       601 D Street, N.W.
       Washington, D.C. 20530
       Telephone: (202) 803-1617
       Email: Jacob.green3@usdoj.gov

BH
9/26/25

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to violations of 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year); and 22 D.C. Code §§ 4503.03(a)(2)(B), (c)(1) (Endangerment with a Firearm (Public Place)); I have discussed this proffer fully with my attorney, Pleasant Brodnax, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 9/17/2025

Bruce R. Hart
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to my client's guilty plea to violations of 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year); 22 D.C. Code §§ 4503.03(a)(2)(B), (c)(1) and 23 D.C. Code § 1328(a)(1) (Endangerment with a Firearm (Public Place), Offense Committed During Release); 22 D.C. Code § 2801 (Robbery); and 23 D.C. Code § 1327(a)(2) (Failure to Appear – Bail Reform Act). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 17 SEP 2025

Pleasant Brodnax, Esq.
Attorney for Defendant Bruce Hart

5

BH
9/26/25